UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M INACTIVE PLAINTIFFS | Case No. 3:19mc87 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

**INACTIVE ADMINISTRATIVE DOCKET ORDER NO. 2**
**Amendments to Inactive Administrative Docket Order No. 1**

On December 6, 2019, the Court entered an Order establishing an inactive administrative docket, *In re 3M Inactive Plaintiffs*, Case No. 3:19mc87, to serve as a "master" docket for the oversight and management of all claims involving the 3M CAEv2 that have been or will be in the future registered with MDL Centrality/BrownGreer, PLC. *See* Inactive Administrative Docket Order No. 2, ECF No. 1. The Court now clarifies and amends certain provisions of that Order.

1.  Paragraph 3 is amended to require that the first phase of Short Form Complaint submissions be comprised of currently unfiled claims from Lead Counsel, Co-Lead Counsel and the Executive Committee.[1]  The unfiled claims of attorneys on the remaining committees and subcommittees *may* be included in the first phase, but it is not required. Beyond that, the plaintiff leadership team may determine the composition of the second and third phase submissions.

---

[1] *See* Inactive Administrative Docket Order No. 1, ECF No. 1 at ¶ 3.

2.     Paragraph 3 is further amended to clarify that all Short Form Complaint submissions must be completed *through* the MDL Centrality system in accordance with any submission procedures established by BrownGreer PLC.[2]  Additionally, at this stage, inactive plaintiffs submitting Short Form Complaints through MDL Centrality are not required to identify the federal district where venue would be proper absent direct filing on the inactive administrative docket.  *See* Master Short Form Complaint, ECF No. 705 at ¶ 7.

For all cases placed on the inactive administrative docket, the parties' rights under *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998) are hereby preserved; nothing in this Order will preclude the parties from agreeing to *Lexecon* waivers in the future, after an inactive case transitions to the active 3M MDL docket, 3:19md2885.  Additionally, the placement of any case on the inactive administrative docket does not constitute a determination by the Court that jurisdiction or venue is proper in this District or any other forum.  Finally, the fact that a case was placed on the inactive administrative docket will have no impact on choice of law principles that otherwise would apply to an individual case had it originally been filed elsewhere and then removed and/or transferred to this Court.

3.     Paragraph 5 is amended to require that an inactive plaintiff must transition his or her case from the inactive administrative docket to the active 3M

---

[2] *See id*.

MDL docket, 3:19md2885, within **60 days** (as opposed to 30 days) after fulfilling his or her initial census obligations.[3]

4. Paragraph 8 is amended to require that once an inactive case is transitioned to the active 3M MDL docket, the plaintiff must file a Notice of Designated Forum on his or her individual docket within 10 days, identifying the federal district in which he or she would have filed his or her case in the absence of direct filing on the inactive administrative docket.[4]

**SO ORDERED**, on this 8th day of December, 2019.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See id.* at ¶ 5.

[4] *See id.* at ¶ 8.