# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M ADMINISTRATIVE DOCKET | Case No. 3:19mc87 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## ADMINISTRATIVE DOCKET ORDER NO. 1

On December 6, 2019, the Court entered an Order establishing an administrative docket to serve as a "master" docket for the oversight and management of otherwise unfiled claims involving the 3M CAEv2 that have been or will be registered with MDL Centrality/BrownGreer, PLC.  *See* Inactive Administrative Docket Order No. 1, ECF No. 1.  Thereafter, the Court clarified and amended certain provisions of that Order.  *See* Inactive Administrative Docket Order No. 2, ECF No. 2.  This Order replaces and supersedes Inactive Administrative Docket Order Nos. 1 and 2 in all respects.

1. The administrative docket will be renamed, *In re 3M Administrative Docket*, 3:19mc87.[1]  This change is necessary for purposes of internal reporting, and to more accurately reflect the ongoing vetting activity that will be conducted in the

---

[1] This modification is made after consultation with the Administrative Office of the United States Courts.

administrative cases.  The Clerk is directed to update the administrative docket accordingly.

2. <u>Applicability</u>.  A primary purpose of the 3M MDL administrative docket is to enable the Court to facilitate an efficient process by which the parties may submit *Touhy* requests to the Department of Defense and the Department of Veterans Affairs for confidential information related to the previously unfiled claims.[2]  The 3M MDL administrative docket is also designed to ensure that MDL resources—including the electronic litigation support apparatus put in place by the Court and paid for, in part, by Defendants and Plaintiffs' Common Benefit Fund—are used only for the benefit of plaintiffs who are actually part of the 3M MDL and can be the subject of a *Touhy* request.  Therefore, all claimants with unfiled claims who wish to register or remain registered with MDL Centrality in connection with the 3M MDL, or participate in the *Touhy* process for the 3M MDL, are required to file a case on the 3M MDL administrative docket using the procedures outlined in this Order, with two exceptions.  Unless otherwise ordered by the Court at a later date, unfiled claims originating in Delaware or Minnesota need not be filed on the

---

[2] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (2951); *see also* DoD Directive 5405.2, 32 C.F.R. pt. 615, app. C) (prescribing "procedures for the release of official DoD information in *litigation* and for testimony by DoD personnel as witnesses during *litigation*") (emphasis added).

3M MDL administrative docket.[3]  Delaware and Minnesota unfiled cases may continue to access MDL Centrality in connection with the 3M MDL, for now; however, they must be immediately withdrawn from any current or future *Touhy* requests for confidential information to which a Privacy Act Order entered by this Court applies.  For the avoidance of doubt, claimants whose claims do not originate in Delaware or Minnesota are **not required** to file a case on the 3M MDL administrative docket.  However, claimants who decline to do so will no longer be allowed access to MDL Centrality in connection with the 3M MDL and must be immediately withdrawn from any current or future *Touhy* requests for confidential information to which a Privacy Act Order from this Court applies.[4]

3. Effect.  All cases placed on the administrative docket will be subject to the jurisdiction of the Court.  All administrative plaintiffs and their counsel must comply with all orders entered on the 3M MDL administrative docket, including this Order.[5]  Additionally, administrative plaintiffs and their counsel must comply with, and are deemed "parties" for purposes of, Pretrial Order No. 9, Stipulated Order

---

[3] Minnesota unfiled claims are excepted in light of the motions to remand currently under consideration in numerous Minnesota filed cases in the 3M MDL.  There are no remand motions currently pending in Delaware filed cases; however, Delaware unfiled claims are also excepted because they present materially identical issues related to federal jurisdiction.

[4] The parties are obviously free to contract *separately* with any vendor—including BrownGreer PLC—to organize and manage information related to unfiled claims that are not placed on the 3M MDL administrative docket and are not the subject of a 3M MDL *Touhy* request.

[5] Administrative plaintiffs and their counsel will receive "notices of electronic filings" (i.e., NEFs) on the 3M MDL administrative docket through MDL Centrality.

Governing Confidentiality and Privilege, ECF No. 442, on the 3M MDL docket, 319md2885.  Any plaintiff whose case is on the administrative docket may be included in a request for an order authorizing disclosure of confidential information in federal government records subject to the Privacy Act, *see* 5 U.S.C. § 552a(b)(11).  All time limitations for filing or pursuing claims—including statutes of limitation and/or repose, prescription, laches, and any other time bars, whether based in law or equity—will be tolled while a case remains on the administrative docket.

4. <u>Filing Procedure & Deadlines</u>.  To file a claim on the 3M MDL administrative docket, a claimant must submit a Short Form Complaint *through* the MDL Centrality system in accordance with any submission procedures established by BrownGreer PLC.  At this stage, administrative plaintiffs submitting Short Form Complaints through MDL Centrality are not required to identify the federal district where venue would be proper absent direct filing on the administrative docket.  *See* Master Short Form Complaint, ECF No. 705 at ¶ 7.

With the oversight and assistance of Plaintiff Leadership, this submission process must occur in three phases:  one-third of the unfiled claims currently registered with MDL Centrality must submit Short Form Complaints by January 10, 2020; one-third of the unfiled claims must submit Short Form Complaints by February 10, 2020; and the final third must submit Short Form Complaints by March 13, 2020.  The first phase of Short Form Complaint submissions must be comprised

of unfiled claims from Lead Counsel, Co-Lead Counsel and the Executive Committee. The unfiled claims of attorneys on the remaining committees and subcommittees may be included in the first phase, but it is not required. Beyond that, the plaintiff leadership team may determine the composition of the second and third phase submissions. Any claimant registering with MDL Centrality in connection with the 3M MDL after the date of this Order must submit a Short Form Complaint to BrownGreer PLC within 14 days from the date of registration. BrownGreer PLC will transfer the submitted Short Form Complaints to the Clerk's Office on a rolling basis. The Clerk's Office will create an individual case and docket for each Short Form Complaint, assign it an individual case number, and associate the case with the administrative docket, *In re 3M Administrative Docket*, 3:19mc87.

For all cases placed on the administrative docket, the parties' rights under *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998) are hereby preserved; nothing in this Order will preclude the parties from agreeing to *Lexecon* waivers in the future, after an administrative case transitions to the 3M MDL docket, 3:19md2885. Additionally, the placement of any case on the administrative docket does not constitute a determination by the Court that jurisdiction or venue is proper in this District or any other forum. Finally, the fact that a case was placed on the administrative docket will have no impact on choice of law principles that otherwise

would apply to an individual case had it originally been filed elsewhere and then removed and/or transferred to this Court.

     5.     <u>Filing Fee, Service & *Pro Hac Vice* Admission</u>. No filing fee is required while a case remains on the administrative docket, nor should the Short Form Complaint be served on Defendants at this stage. Additionally, individual plaintiffs' counsel are not required to obtain *pro hac vice* admission until either: (a) the Court is asked to resolve a dispute about the sufficiency of his or her client's initial census submission (see paragraph 6); (b) the Court is asked to resolve an issue related to the representation of a client (see paragraph 7); or (c) his or her client's case is transitioned to the 3M MDL docket (see paragraph 9). In the first two scenarios, an administrative plaintiff's counsel of record will be automatically granted a limited appearance in an individual case for the sole purpose of resolving the outstanding issue. In the third scenario, plaintiff's counsel of record must seek *pro hac vice* admission in accordance with Pretrial Order No. 3, ECF No. 4, and Case Management Order No. 1, ECF No. 86, if he or she is not already admitted to the bar of this District.

     6.     <u>Initial Census Requirements</u>. For administrative plaintiffs participating in the parties' Tolling Agreement, the initial census process will continue according to the terms of that agreement. Administrative plaintiffs not participating in the Tolling Agreement must adhere to the initial census requirements set forth in Pretrial

Order No. 18, ECF No. 775, and all amendments to that Order, *see*, *e.g*., Case Management Order No. 6, ECF No. 836 at 1.  Within 60 days of fulfilling his or her initial census obligations, an administrative plaintiff must follow the procedures outlined below to *either*: (1) voluntarily dismiss his or her case from the administrative docket; or (2) transition his or her case to the 3M MDL docket, 3:19md2885.

To the extent a dispute arises about the sufficiency of an administrative plaintiff's initial census submissions and that dispute is not resolved through the deficiency processes already in place, Defendants must file a motion to compel on the 3M MDL administrative docket.[6]  Defendants' motion must identify the name and MDL Centrality Plaintiff ID for the administrative plaintiff(s) they believe have provided deficient initial census submissions, as well as the nature of any alleged deficiency.  The Court will then file the Defendants' motion on the individual dockets for all administrative plaintiff(s) to which the motion applies, add the attorneys of record for both sides to the individual case docket(s), and send electronic notice directly to the attorneys advising that Defendants' motion is pending on the individual case dockets.  An administrative plaintiff's response to any such motion must be filed within 10 days after the motion is filed. Thereafter, the Court will

---

[6] In the event of alleged deficiencies in multiple administrative cases, Defendants should file an omnibus motion.

resolve the outstanding dispute. If the Court finds the administrative plaintiff's initial census submissions sufficient, that plaintiff's case must be either transitioned to the 3M MDL docket, 3:19md2885, or voluntarily dismissed, within 60 days thereafter. To the extent the Court finds an administrative plaintiff's submissions deficient, that plaintiff will be granted a short time period within which to cure the deficiency. Absent a showing of good cause, failure to provide nondeficient initial census materials within the applicable deadlines will be grounds for dismissal with prejudice.

7. <u>Withdrawal of Counsel</u>. If representation becomes an issue in any case on the administrative docket where there is a pending motion to compel, the attorney of record must file an appropriate motion on the plaintiff's individual docket in accordance with the N.D. Fla. Loc. R. 11.1(H). If representation becomes an issue in an administrative case with no pending motion to compel, the attorney of record must submit a notice of the issue through MDL Centrality. BrownGreer will transfer any such notices to the Court. The Court will then file the notices on the individual case dockets to which they apply, add the attorneys of record for both sides to the dockets, and send electronic notices of same directly to the attorneys. Within 10 days after receiving electronic notice from the Court, individual plaintiff's counsel must file an appropriate motion on the individual case docket in accordance with N.D. Fla. Loc. R. 11.1(H).

8. <u>Removal from the Administrative Docket</u>. Individual cases on the administrative docket may be removed from that docket by either: (a) transitioning to the 3M MDL docket; or (b) dismissal pursuant to Federal Rules of Civil Procedure 37 or 41. An administrative plaintiff who wishes to voluntarily dismiss his or her case from the administrative docket may do so at any time by submitting a Request for Dismissal through MDL Centrality. BrownGreer PLC will send lists of the pending dismissal requests to the Court on a rolling basis. The Court will then dismiss the listed cases from the administrative docket. Unless a notice or stipulation states otherwise, a voluntary dismissal will be without prejudice. A case that is dismissed without prejudice from the administrative docket may not be refiled on that docket; rather, it must be refiled, if at all, on the 3M MDL docket.

9. <u>Transition to the 3M MDL Docket</u>. An administrative case is ready to transition to the 3M MDL docket when either: (a) the plaintiff has fulfilled his or her initial census obligations; or (b) the case has been selected for a bellwether pool.[7] In either circumstance, to make the transition, a plaintiff must submit a Request for Transition to 3M MDL Docket through MDL Centrality. BrownGreer PLC will send lists of the pending requests to the Court on a rolling basis. The Court will then transfer the listed cases from the administrative docket to the 3M MDL docket,

---

[7] To ensure a more representative bellwether process, all filed cases, including those on the 3M MDL administrative docket, will be eligible for bellwether consideration.

3:19md2885. Once an administrative plaintiff's case has transitioned to the 3M MDL docket, a filing fee must be paid, the plaintiff's counsel must seek *pro hac vice* admission, and the Short Form Complaint must be served on Defendants. Additionally, within 10 days after transitioning to the 3M MDL docket, the plaintiff must file a Notice of Designated Forum on his or her individual docket, identifying the federal district in which he or she could have filed his or her case in the absence of direct filing on the administrative docket.

**DONE AND ORDERED**, on this 7th day of January, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**